# EXHIBIT A

ELECTRONICALLY FILED
2019 Jul 30 AM 11:38
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2019-LM-003608
PII COMPLIANT

William Thompson
vs.
Ally Financial, Inc. et. al.

Division: 11

**SUMMONS**

## Chapter 61 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**Trans Union LLC**
**RA: THE PRENTICE-HALL CORPORA**
**2900 SW WANAMAKER DRIVE SUITE 204**
**Topeka, KS  66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 08/26/2019, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.

*Kristi L. Hill*

Clerk of the District Court
Electronically signed on 07/30/2019 01:17:29 PM

**Documents to be served with the Summons:**

ELECTRONICALLY FILED
2019 Jul 30 AM 11:38
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2019-LM-003608
PII COMPLIANT

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| WILLIAM C THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>ALLY FINANCIAL, INC., EXPERIAN INFORMATION SOLUTIONS INC., EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION, LLC,<br><br>Defendants. | Case Number: 2019-LM-003608<br><br>Division: 11 |

## **PETITION**

COMES NOW Plaintiff, through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue lies properly in this district under 28 U.S.C. §1391(b).

4. Plaintiff is a resident of Kansas.

1

5. Defendant Ally Financial, Inc. is a Delaware Corporation.

6. Defendant Ally Financial, Inc. was and is engaged in the business of servicing consumer loans, all within Kansas.

7. Defendant Equifax Information Systems, LLC (Equifax) is a Georgia Limited Liability Company.

8. Defendant Equifax was and is engaged in the business of credit reporting, all within Kansas.

9. Defendant Equifax is included hereafter in the term Credit Reporting Agency Defendants.

10. Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

11. Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

12. Defendant Trans Union is included hereafter in the term Credit Reporting Agency Defendants.

13. Defendant Experian Information Solutions Inc. is a Delaware corporation.

14. Defendant Experian was and is engaged in the business of credit reporting, all within Kansas.

15. Defendant Experian is included hereafter in the term Credit Reporting Agency Defendants.

16. In January 2016, Plaintiff obtained an automobile installment loan from Defendant Ally Financial in the amount of $22,343.00.

17. Plaintiff made all his payments timely from March 2016 to September

2

2016.

18. Plaintiff discovered that the automobile he purchased which secured the loan had been a rebuilt wreck undisclosed to him.

19. In September 2016, Plaintiff retained counsel to file an arbitration regarding fraud that against the car dealer who sold him the automobile.

20. Defendant Ally Financial was included as a Respondent in that arbitration.

21. The arbitration was filed on September 9, 2016.

22. Immediately after being served with the arbitration, Defendant Ally Financial refused Plaintiff's tendered payments on his loan and began reporting him delinquent.

23. Defendant Ally Financial continued to refuse tendered payments thereafter while the arbitration was pending.

24. At the conclusion of the arbitration in May 2018, Defendant Ally Financial finally accepted payment and the loan was brought current as part of the arbitration resolution.

25. However, Defendant Ally Financial reported the loan up to 120 days late from October 2016 until April 2018.

26. This reporting is misleading as to Plaintiff's credit worthiness in that Plaintiff was attempting to pay the loan and was refused.

27. This reporting is misleading because it has informed Plaintiff's creditors in such a manner that appears as if Plaintiff voluntarily does not pay his bills.

28. Plaintiff disputed the reporting to Defendants Credit Reporting Agencies on

3

two separate occasions.

29. On both occasions, Defendants Credit Reporting Agencies indicated that Defendant Ally Financial had reverified the reporting as correct.

30. Defendants have been reporting and reinserting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

31. Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiff's credit worthiness.

32. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

### Count I – Violations of the Fair Credit Reporting Act - Credit Reporting Agency Defendants

Comes now Plaintiff and for Count I against the Credit Reporting Agency Defendants states and alleges to the Court:

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

4

35. Pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

36. Pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

37. Pertinent hereto, the Plaintiff William C Thompson is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

38. Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

39. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Credit Reporting Agency Defendants are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendant Credit Reporting Agencies of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

40. In addition, Plaintiff disputed the inaccuracy to Credit Reporting Agency Defendants.

41. Upon information and belief, the Credit Report Agency Defendants reported to the Defendant Ally Financial, Inc. that Plaintiff disputed the charge-off, delinquency and false credit reporting.

42. Credit Reporting Agency Defendants failed to correct the inaccuracies and reverified to Plaintiff that the reporting was accurate.

43. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Credit Reporting Agency Defendants are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendant Credit Reporting Agencies of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

44. The conduct of Credit Reporting Agency Defendants were a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Credit Reporting Agency Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against Credit Reporting Agency Defendants based on the following requested relief:

    a. Actual damages;

    b. Statutory damages;

    c.    Punitive damages;

    d.    Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

    e.    Such other and further relief as may be necessary, just and proper.

### Count II – Violations of the Fair Credit Reporting Act – Defendant Ally Financial, Inc.

Comes now Plaintiff and for Count II against Defendant Ally Financial, Inc. and states and alleges to the Court:

45.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.    Upon information and belief, the Credit Report Agency Defendants reported to the Defendant Ally Financial, Inc. that Plaintiff disputed the charge-off, delinquency and false credit reporting.

47.    Despite receipt of the dispute, the Defendant Ally Financial, Inc. failed to respond with truthful information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the Defendant Credit Reporting Agencies, all in violation of the Act.

48.    According to the national Defendant Credit Reporting Agencies' reports, the Defendant Ally Financial, Inc. continued to falsely report about Plaintiff after the dispute.

49.    Defendant Ally Financial, Inc. has likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

50. Rather, Defendant Ally Financial, Inc. continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiff, as described more above.

51. Defendant Ally Financial, Inc. failed to investigate or reinvestigate regarding consumer credit data it reported and repeatedly re-reported about Plaintiff.

52. Defendant Ally Financial, Inc. failed to review all relevant and pertinent information provided to it by the Defendant Credit Reporting Agencies.

53. Defendant Ally Financial, Inc.'s reverification of late payments that it knew that it was not accepting because of a pending arbitration was a willful disregard of its obligations to Plaintiff.

54. Defendant Ally Financial, Inc. knew or should have known that its reporting and activities would (and will) damage Plaintiff and ability to enjoy life and utilize the credit rating and reputation property rights secured by honoring obligations to all of creditors.

55. Defendant Ally Financial, Inc., furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the Defendant Credit Reporting Agencies of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

56. The conduct of Defendant Ally Financial, Inc. was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant is liable to the Plaintiff for statutory, actual and punitive

damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendant Ally Financial, Inc. for the following requested relief:

a.  Actual damages;

b.  Statutory damages;

c.  Punitive damages;

d.  Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Matthew Robertson #27254
Stecklein & Rapp
748 Ann Avenue, Suite 101
Kansas City, KS 66101
Telephone:  (913) 371-0727
Facsimile:   (913) 371-0727
Email: aj@kcconsumerlawyer.com
          mr@kcconsumerlawyer.com
          msr@kcconsumerlawyer.com
Attorneys for Plaintiff

9

Steckle
748
Kansas City, Kansas 66101

CERTIFIED MAIL

7014 1820 0001 6270 6586

B98909.19

$7.45
US POSTAGE
FIRST-CLASS
062S0009524396
FROM 64111



stamps.com stamps.com

Trans Union LLC
RA: Prentice-Hall Corporation System Kansas
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614